IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

v.  Case No.:  21-cr-044-jdp

CASH OTRADOVEC,

Defendant.

**PLEA AGREEMENT**

1. This is the proposed plea agreement between the defendant and the United States in the above-captioned case.

2. **PLEA AND PENALTIES:** The defendant agrees to plead guilty to Count 3 of the indictment.  This count charges a violation of Title 18, United States Code, Section 2251(a), which carries mandatory minimum penalties of 15 years in prison and a five-year period of supervised release, and maximum penalties of 30 years in prison, a $250,000 fine, a period of supervised release for life, a $100 special assessment, a $5,000 additional special assessment pursuant to 18 U.S.C. § 3014, up to a $50,000 special assessment pursuant to 18 U.S.C. § 2259A, registration as a sex offender under the Sex Offender Registration and Notification Act, and the entry of an appropriate restitution order.  If the defendant has one prior conviction as described in 18 U.S.C. § 2251(e), the penalties related to prison time increase to a mandatory minimum penalty of 25 years in prison and a maximum penalty of 50 years in prison; if the defendant has two prior convictions as described in § 2251(e), the penalties related to prison time increase to a mandatory minimum penalty of 35 years in prison and a maximum penalty of life in prison.  In addition to these maximum penalties, any violation of a supervised release term could lead to an additional imprisonment term pursuant to 18 U.S.C. § 3583.  The defendant agrees to pay the special assessment at or before sentencing and understands that the Court will enter an order requiring the immediate special assessment payment under 18 U.S.C. § 3013.  In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment.

3. **RIGHTS WAIVED BY PLEADING GUILTY:** The defendant acknowledges by pleading guilty, that he is giving up these rights:  (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and if necessary to have the Court appoint counsel – at trial and at every other stage of the

trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

4. **IMMIGRATION CONSEQUENCES:** The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United States, denied citizenship, and denied future admission to the United States. The defendant nevertheless affirms that he wants to plead guilty regardless of any removal and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

5. **STIPULATION REGARDING OTHER CRIMINAL CONDUCT:** Pursuant to USSG § 1B1.2(c), the defendant stipulates for purposes of restitution that he committed the conduct described in Counts 1, 5, 7, 8 and 10.

6. **FACTUAL BASIS:** The defendant agrees that the following facts are true, correct, and that, if this case were to proceed to trial, the government would be able to prove these facts beyond a reasonable doubt. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described herein:

> On May 3, 2020, the FBI in Miami, Florida, was contacted by a father who claimed that an unknown person was attempting to obtain nude images from and extort his 15-year-old son (Minor Victim 1) through several social media platforms. The investigation revealed that an Instagram account with the name Callie95 and a Kik account with the name BeckyOlson1993 had been in communication with the minor. Further investigation, including IP addresses and email accounts, provided evidence that the defendant was the person operating these social media accounts. On October 23, 2020, the defendant was interviewed and admitted to creating the two accounts at issue, and admitted to requesting images and videos from dozens of people.
>
> Records revealed that the defendant created and operated a social media account under the name Callief95 ("Callie") on Instagram in 2016. The defendant created and operated a social media account under the name BeckyOlson1993 ("Becky") on Kik at some time before February 2020. The defendant posed as two college girls who were friends with each other via these accounts.
>
> Pertaining to Count 3 of the indictment, the defendant communicated with Minor Victim 2 from February 23, 2020, through April 8, 2020, using the Callie and Becky accounts. The defendant sent Minor Victim 2 sexually explicit images of unknown females, claiming that the images were of Callie and Becky.
>
> Minor Victim 2 was born in December 2004 and was 15-years-old in March 2020.

On March 14, 2020, the defendant (posing at Callie) asked Minor Victim 2 how old he was. When he replied that he was 21 years old, Callie responded "Don't lie I k[now] you're not 21." When Minor Victim 2 then stated he was 19, Callie sent Minor Victim 2 a picture of him from his freshman yearbook stamped "Class of 2023" and said she knew he was not 19 years old. Callie then asked Minor Victim 2 to do what Becky wanted him to do to make up for lying about his age. Later the same day, Minor Victim 2 sent Callie some images. Callie responded to Minor Victim 2 stating "Baby pull it back up, just the print of your dick. Perfect!"

On March 15, 2020, the defendant (posing as Callie) told Minor Victim 2 that he "didn't do the last bit [Becky] asked for…the last video," and then stated "that's the same way I'd like it too." Minor Victim 2 responded that it was illegal to be "sexting a high schooler," and that the video she was requesting "would be child pornography." Callie responded that she would "ruin [his] life" if he didn't send the video. Minor Victim 2 then stated that it was "messed up" that she wanted "d[ick] p[ictures] from a 16-year-old," and stated that Callie was "basically blackmailing" him. Callie responded that Minor Victim 2 could "tell the cops…but I guarantee before I get arrested your nudes will be everywhere…so it is probably better to send what you said you would." On March 22, 2020, after further coercion by the defendant, Minor Victim 2 sent Callie a video of himself masturbating via the Internet. The focus of the video was on Minor Victim 2's penis.

The defendant communicated with Minor Victim 2 via a computer located at his residence in Pardeeville, Wisconsin, which is in the Western District of Wisconsin.

This information is provided to establish a factual basis for the defendant's guilty plea. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

7. **SCOPE OF RESOLUTION:** The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that two conditions are met: (a) the criminal conduct relates to the conduct described in the indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

8. **DISMISSING REMAINING CHARGES:** The United States agrees to move to dismiss the remaining counts of the indictment at sentencing.

9. **ACCEPTANCE OF RESPONSIBILITY:** The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, gives the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement and, if applicable, the defendant's efforts to make immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct that is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing, which is inconsistent with acceptance of responsibility. This recommendation is consistent with the defendant signing this plea agreement on or before November 1, 2021.

10. **RESTITUTION:** The defendant agrees to pay restitution for all losses relating to the offense of conviction and all losses covered by the same course of conduct or common scheme or plan as the offense of conviction. The parties will agree upon the exact restitution figure before sentencing, or, if the parties cannot agree upon a specific figure, the Court will determine restitution at sentencing. Defendant acknowledges that payment means payment in good faith from the liquidation of all non-exempt assets beginning immediately.

11. **FINANCIAL STATEMENT:** The defendant agrees to complete the attached financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant authorizes the United States Attorney's Office to run the defendant's credit report. The defendant also agrees that the probation office may disclose to the United States all financial statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

12. **SENTENCING DISCUSSIONS:** Other than agreements specifically set forth in this plea agreement, the defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States, other than those memorialized in this plea agreement.

13. **SENTENCING RECOMMENDATIONS:** The defendant acknowledges his understanding that the United States has made no promises or guarantees regarding

the sentence that will be imposed. The defendant also acknowledges his understanding that the Court may not accept the recommendations, which may be made by the United States, and that the Court can impose any sentence up to and including the maximum penalties set out above.

14. **VOLUNTARINESS OF PLEA:** The defendant acknowledges that no threats, promises, representations, or agreements exist, other than those set forth in this agreement, to cause the defendant to plead guilty. Defendant acknowledges that he has read this agreement, has carefully reviewed it with his attorney and understands and voluntarily accepts all its terms.

15. **THIS IS THE ONLY PLEA AGREEMENT:** By our signatures below, the defendant and defense counsel acknowledge that this is the only plea agreement in this case.

16. **PLEA APPROVAL:** All plea agreements must be approved by the United States Attorney or designee. This plea proposal has not yet been approved. Consequently, I have not signed this proposed plea agreement and the final acceptance is conditioned upon supervisory approval.

TIMOTHY M. O'SHEA
Acting United States Attorney

10/29/2021
Date

By: /s/ Julie Pfluger
JULIE S. PFLUGER
Assistant United States Attorney

10/14/21
Date

MARK EISENBERG
Attorney for the Defendant

10/13/21
Date

CASH OTRADOVEC
Defendant

5

## ACKNOWLEDGEMENTS

I, Cash Otradovec, am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed the entire agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, including the charges against me, the elements of those charges, and possible defenses. I am satisfied that my attorney has provided effective assistance of counsel.

10/13/2021
Date

CASH OTRADOVEC
Defendant

I am the defendant's attorney. I have reviewed this agreement carefully with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

10/13/21
Date

MARK EISENBERG
Attorney for Defendant