IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                        Plaintiff,

v.

CASH OTRADOVEC,

                        Defendant.

DETENTION ORDER

21-cr-44-jdp

---

      Defendant Cash Otradovec pleaded guilty to producing child pornography, in violation of 18 U.S.C. § 2251. He was sentenced to 210 months imprisonment followed by 15 years of supervised release. The court imposed the $5,000 special assessment required under 18 U.S.C. § 3014 for "non-indigent" persons convicted of certain sex crimes. Otradovec appealed, contending that the special assessment was improper because he was indigent based on his eligibility for appointed counsel at the time of sentencing.

      The Seventh Circuit rejected Otradovec's argument that "indigency" is evaluated based only on the defendant's financial state at sentencing. The court held that for purposes of § 3014, indigency includes both "eligibility for appointed counsel and the financial capacity to provide for oneself." *United States v. Otradovec*, 72 F.4th 794, 795–96 (7th Cir. 2023). The Seventh Circuit explained that in deciding whether to impose the § 3014 assessment, "district courts should consider a defendant's financial prospects for repaying the special assessment in future years." *Id.* at 796. The Seventh Circuit remanded for the court to consider whether Otradovec is indigent under the new standard set out in its opinion.

The issue is fully briefed. Neither side asks for a hearing, and the court sees no significant factual dispute that could be resolved with a hearing, so it will decide the matter on the briefs.

Section 3014 provides that defendants have 20 years following release from imprisonment to pay the special assessment. *See* 18 U.S.C. § 3014(g) (incorporating the 20-year period set forth in 18 U.S.C. § 3613(b) as the duration of a defendant's obligation).

At sentencing Otradovec reported that he has used all his assets, and more, paying for his criminal defense attorney. On appeal Otradovec was eligible for appointed counsel, and Otradovec contends that his history of consistent employment does not mean that he will have the financial capacity to provide for himself upon his release. He argues that the stigma of being a registered sex offender will make it difficult for him to find employment, and that he will not be able to perform the same seasonal work that he was able to do in his thirties.

The court accepts that Otradovec's conviction, conditions of supervised release, and status as a sex offender will foreclose some employment. But any person convicted of an offense that qualifies for the special assessment under §3014 will face the same challenges. Otradovec has the personal qualities and history to overcome these challenges. Prior to his arrest, Otradovec had been consistently employed. From 2009 to 2017 he served in the Marine Corps. After his honorable discharge, he worked as a seasonal laborer and in construction, making between $20 and $28 per hour from 2017 through 2020. He earned a bachelor's degree from the University of Wisconsin—Madison in 2019. The court is not persuaded that his future prospects are so bleak that he cannot afford to pay the $5,000 assessment over 20 years.

The court concludes that Otradovec is not indigent under § 3014 because he has the future earning potential to provide for himself when he is released from prison. Because the

court concludes that Otradovec is not indigent within the meaning of § 3014, the court must impose the mandatory $5,000 special assessment.

As the court explained at Otradovec's sentencing, his current finances show that it will be difficult for him to pay the special assessment in full upon release. So, the court will order that Otradovec pay the assessment in increments of $100 a month beginning within 60 days from his release from custody. The court also reiterates that Otradovec has the obligation to inform the Attorney General of changes in his circumstances that would affect his ability to pay the assessment and that the amount of his incremental payments can be adjusted up or down depending on his financial circumstances.

ORDER

IT IS ORDERED that defendant Cash Otradovec Defendant is ordered to pay a $5,000 assessment under the Justice for Victims of Trafficking Act of 2015 in increments of $100 per month beginning within 60 days of his release from custody.

Entered April 26, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge